# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARLON MARAVILLA-BONILLA,  )
             )
    Petitioner,    )
             )
v.             )  Case No. CIV-26-00317-JD
             )
JOSHUA JOHNSON, et al.,   )
             )
    Respondents.   )

## <u>ORDER</u>

Before the Court is Petitioner Marlon Maravilla-Bonilla's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed through counsel. The Court referred the matter to United States Magistrate Judge Shon T. Erwin [Doc. No. 4], who filed a Report and Recommendation ("R. & R.") [Doc. No. 7] recommending that the Court dismiss the Petition without prejudice for Petitioner's counsel's failure to comply with the Court's local rules and orders. Petitioner did not object.

When a magistrate judge issues a report and recommendation on a dispositive motion, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo

determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.*

The firm waiver rule applies to this case: The R. & R. informed Petitioner and his counsel of the period in which to object, and he did not do so. R. & R. at 3. No exceptions plausibly apply. De novo review would lead the Court to the same conclusion as Judge Erwin clearly notified Petitioner's counsel of the need to file for admission pro hac vice, associate with local counsel or seek relief, and enter an appearance, and Petitioner's counsel did not comply with any of these rules or the Court's order of March 27, 2026. *See* [Doc. No. 6] (text only order informing counsel of the need to comply with the Court's Local Civil Rules 83.2(g), 83.3, and 83.4 by April 1, 2026).

The Court ACCEPTS the Report and Recommendation [Doc. No. 7]. The Court DISMISSES the Petition for Writ of Habeas Corpus [Doc. No. 1] without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 9th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2